## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 AUG -2 PM 2: 30

CLERK OF COURT
BY:

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE No. CF 321-12 |
| v. | **DECISION AND ORDER** |
| PAUL PANGELINAN FRANCISCO JR., | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on April 16, 2013 on Defendant's Motion to Reduce Felony Charges to Misdemeanor. The People of Guam were represented by Assistant Attorney General Sean E. Brown. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's motion to reduce.

### FACTUAL HISTORY

The Defendant was indicted on four charges: 1) Family Violence, as a 3rd Degree Felony; 2) Criminal Mischief, as a 3rd Degree Felony; 3) Assault, as a Misdemeanor (three counts); 4) Unlawful Restraint, as a Misdemeanor. The charges stem from an alleged incident that occurred between the Defendant and his wife, where it is asserted that Defendant detained, choked, pushed, and threw items toward his wife, as well as damaged the windshield of her vehicle.

On April 17, 2013, the Defendant filed a motion to reduce the two felonies Family Violence and Criminal Mischief to misdemeanors. In his motion, the Defendant argues and asserts that the victim's injuries were minor, and less severe than those suffered by himself and that because the damage to Defendant's vehicle only occurred to the windshield which cost less than $500.00 to replace, it does not qualify as damage to a motor vehicle. He also argues that the Family Violence Act's seven-factor analysis for reducing a felony to a misdemeanor weighs in his favor.

The People filed an opposition countering that the Defendant's action of choking was potentially fatal and arguing that a vehicle's windshield should not be excepted.

On April 22, 2013 Defendant filed his reply paper reasserting his arguments and requests.

## DISCUSSION

The Defendant has requested to have the first two charges of the indictment, reduced to misdemeanors. Section 30.20 of the Family Violence Act, provides the court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

*Id.* Applying these factors to the instant case the Court places an important emphasis on the seriousness of the choking allegation. Choking is an action the results of which potentially

have serious and fatal consequences. In light of this allegation the Court is unwilling to reduce the first charge of the indictment.

Sections 34.50(d) and 34.60(a) of Title 9 of the Guam Code, regulate the Defendant's second charge. 9 GCA §§ 34.50(d); and 34.60(a). These Sections provide,

§ 34.50. Criminal Mischief; Defined.
A person commits criminal mischief if:
. . . .
(d) he intentionally damages the motor vehicle of another.

§ 34.60. Criminal Mischief; Punished.
(a) A violation of subsections (b) or (d) of § 34.50 is a third degree felony.
(b) A violation of subsection (a) of § 34.50 is a third degree felony if the defendant's conduct causes or is intended to cause pecuniary loss in excess of Five Hundred Dollars ($500.00), a misdemeanor if the defendant's conduct causes or is intended to cause pecuniary loss in excess of Fifty Dollars ($50.00), and a petty misdemeanor if the defendant's conduct causes or is intended to cause pecuniary loss in excess of Twenty-four Dollars ($24.00). Otherwise, criminal mischief is a violation.

It this case it is alleged that Defendant damaged the windshield of Defendant's motor vehicle. Defendant does not allege that the windshield was not installed or made part of the vehicle. Defendant asserts the total damage to the windshield was under $500.00 however assertion is not supported by any verifiable evidence upon which the court might make base a find fact. In the absence of any verifiable facts and applying the available arguments to the above statute the Court is not convinced that the windshield is not an integral part of a motor vehicle.

## CONCLUSION

Based on the foregoing, the Defendant's motion to reduce felony charges to misdemeanors is denied. Further Proceedings are set for _Aug. 6_ 2013 at _11:0 a_.m.

SO ORDERED, this _2nd_ day of _Aug._ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.

AUG 0 2 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam